UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN GRAY, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 1:12-cv-00373-NT |
| | ) |
| PATRICIA BARNHART, | ) |
| | ) |
| Respondent | ) |

**ORDER ON MOTION TO COMPEL**
AND
**RECOMMENDED DECISION**

On December 10, 2012, John Gray filed a petition in this court pursuant to 28 U.S.C. § 2254 challenging a probation revocation judgment entered in the state court on August 5, 2009. Gray admitted the probation violation and was sentenced to the entire remaining suspended portion of his original sentence of incarceration, consisting of six and one-half years. Gray raises four separate grounds in this petition: (1) that he obtained ineffective assistance of counsel in conjunction with his attempt to obtain a post-conviction review of his probation revocation proceedings; (2) that the state court refused to provide his probation revocation post-conviction counsel with a copy of the transcript from the probation revocation proceedings; (3) that his probation revocation counsel provided ineffective assistance of counsel; and (4) that the State of Maine does not provide an adequate remedy to challenge ineffective assistance of counsel in the context of probation revocation proceedings. The respondent has moved to dismiss the petition as untimely. I now recommend that the court grant the motion to dismiss. I also deny Gray's motion to compel the State to produce the transcripts from the hearing held on July 22, 2009, (docketed on August 5, 2009) because those transcripts would not shed any light on the legal

issues raised by the State's motion to dismiss.[1]  If the Court ultimately determines that the petition is timely, however, it would have to order the State to produce the transcripts to consider the merits of the arguments pertaining to ineffective assistance of counsel at the August 5, 2009, probation hearing.[2]

## PROCEDURAL BACKGROUND

On May 25, 2000, the Washington County Grand Jury returned an indictment charging the petitioner John Gray with three counts of robbery with a dangerous weapon and one count of aggravated assault.  (State Court Record § A.1, ECF No. 11-1, PageID #53:  docket sheet in State v. John Gray, No. MACSC-CR-2000-00179 (Me. Super. Ct., Wash. Cty.).)  At his arraignment Gray entered pleas of not guilty to the charges.  On the second day of Gray's jury trial, he entered nolo contendere pleas to one count of robbery with a dangerous weapon and one count of aggravated assault.  The State dismissed the other two counts of robbery with a dangerous weapon.  On July 23, 2002, the Superior Court (Hunter, J.) adjudged Gray guilty on the robbery and aggravated assault charges.  The court then imposed the following concurrent sentences:  a ten year term of imprisonment in the custody of the Department of Corrections, with all but two years suspended, followed by a six year period of probation with special conditions, and restitution in the amount of $350.  (Id., PageID #57.)

---

[1]     The probation revocation hearing has never been transcribed and therefore the respondent has not produced the transcript.

[2]     In conjunction with the petitioner's fourth ground in his federal habeas petition, it is not clear what procedure, if any, is available in state court to raise a claim of ineffective assistance of counsel in the context of a probation revocation hearing.  The issue of a procedural default need not be resolved in the context of this recommendation because the petition is clearly time barred.  However, this issue is an interesting one that may someday have to be addressed, especially in light of an apparent right to counsel in the context of probation revocation proceedings.  See State v. West, 2000 ME 133, ¶ 1, 755 A.2d 517, 517;  Ford v. Merrill, No. 1:04-cv-00150-JAW, 2005 WL 81609, at *5 n.5, 2005 U.S. Dist. Lexis 459, at *14 n.5 (D. Me. Jan. 13, 2005) (discussing West).

Gray did not file an application for leave to appeal sentence pursuant to Rule 20 of the Maine Rules of Appellate Procedure and 15 M.R.S. § 2151. Nor did Gray file a notice of direct appeal pursuant to Rule 2(a)(1) of the Maine Rules of Appellate Procedure and 15 M.R.S. § 2115. His 21-day period to file such appeals expired on August 13, 2002. His failure to file such appeals with Maine's highest court precluded him from filing a petition for a writ of certiorari with the United States Supreme Court. Accordingly, Gray's judgments of conviction became final on August 13, 2002.

On September 5, 2006, the State filed its first motion to revoke Gray's probation. Gray admitted the violation and the Superior Court ordered him to serve 18 months of the previously suspended term of imprisonment. (State Court Record §§ A.2, A.3, ECF No. 11-1, PageID ## 65-67.) This hearing was never transcribed. On April 13, 2009, the State filed its second motion to revoke Gray's probation. On July 22, 2009, Gray admitted the violation and the Superior Court ordered a full revocation of Gray's probation and ordered him to serve the remaining six and one half years of the previously suspended term of imprisonment. (Id., §§ B.1, B.2, ECF No. 11-1, PageID ## 63-64.) This hearing was not transcribed either, but Gray was represented by his original trial counsel at the second probation revocation proceeding, according to his petition.

Following the second revocation, Gray did not file a notice of discretionary appeal pursuant to Rule 19 of the Maine Rules of Appellate Procedure and 17-A M.R.S. § 1207(2). His 21-day period to file such an appeal expired on August 12, 2009. On January 15, 2010, Gray filed a pro se petition for post-conviction review pursuant to 15 M.R.S. § 2129 and Rule 68 of the Maine Rules of Criminal Procedure. (Id., §§ C.1, ECF No. 11-1, PageID # 68.) Counsel was

appointed to represent Gray. On April 30, 2010, the Superior Court issued an order summarily dismissing the petition. According to that Order:

> A probation revocation proceeding is considered an 'administrative disciplinary proceeding' and not a 'post-sentencing proceeding' within the ambit of the post-conviction review statute. 15 M.R.S. § 2121(2). Therefore, the petitioner cannot utilize the post-conviction review statute to challenge the underlying basis of the Court's July 2009 revocation Order. See 15 M.R.S. § 2121(2); State v. Collins, 681 A.2d 1168, 1170 nn. 5-6 (Me. 1996).

(Order of Summary Dismissal at 3, ECF No. 1-2, PageID # 19.) Gray did not file a notice of discretionary appeal from the Superior Court's summary dismissal order pursuant to 15 M.R.S. § 2131(1). On December 5, 2012, Gray signed the current pro se section 2254 petition and filed it with this Court on December 10, 2012.

## DISCUSSION

The State of Maine has moved to dismiss this petition as untimely. Under 28 U.S.C. § 2244(d) there are four possible events that might serve to trigger the commencement of the one year statute of limitation. That provision reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d).

The judgment that holds Gray in custody is the August 12, 2009, final judgment on the second motion for revocation of probation.  It is that judgment which Gray seeks ultimately to vacate with his current federal habeas petition, not the underlying criminal conviction.  However, Gray filed his petition more than three years after the second judgment revoking probation became final and, consequently, his petition is facially untimely.  Additionally, Gray's constitutional claim that he was deprived of effective assistance of counsel at the hearing on the second motion for probation revocation is procedurally defaulted because it was never raised before the state's highest court.  Gray has not exhausted his possibly available state court remedies.

The exhaustion requirement is set forth in 28 U.S.C. § 2254(b).  Gray was required to "fairly present" his claims in the state's highest court in order to alert that court to the federal nature of the claim.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Review by the Maine Supreme Judicial Court, this State's highest court, is available only as a matter as discretionary review in the context of probation revocation judgments. 17-A M.R.S. § 1207(2).  However, the rule of Baldwin v. Reese does not depend upon whether the petitioner was before the state's highest court as a matter of right or seeking discretionary review, the issue is whether the claim's federal nature was fairly presented to the highest court.

Gray seeks to avoid both the timeliness bar and the procedural default by arguing that his post-conviction appointed counsel provided him with ineffective assistance of counsel when he attempted to timely challenge, via a state post-conviction petition, the probation revocation judgment.  Of course, those events happened more than two years prior to the commencement of this action;  the one-year limitation would have commenced when the order summarily

5

dismissing the state post-conviction petition became final in May 2010. Gray seeks to avoid that timeliness bar and the procedural default by invoking Martinez v. Ryan, 132 S. Ct. 1309 (2012),[3] decided by the United States Supreme Court on March 20, 2012. According to Gray, his one year statute of limitation under § 2244(d)(1)(C) began to run when that opinion issued and thus his petition, filed in December 2012, was timely.

Martinez v. Ryan held for the first time that inadequate assistance of counsel at initial-review state collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel, if the claim of ineffective assistance of trial counsel could not have been raised on direct appeal pursuant to controlling state precedent. Martinez, 132 S. Ct. at 1318. In order to obtain relief under this ruling, a federal habeas petitioner must establish that his state post-conviction attorney in his first state collateral proceeding was ineffective, that the underlying ineffective assistance of trial counsel claim was substantial, and that petitioner was prejudiced. Id. at 1316, 1320.

There are two immediate problems with Gray's theory that he should be allowed to proceed with this untimely claim. First, the United States Supreme Court has not announced that Martinez applies retroactively to cases already time barred and procedurally defaulted prior to its issuance, nor has any lower federal court applied Martinez retroactively to cases such as Gray's involving a probation revocation judgment. Second, even if Martinez were applicable to Gray's

---

[3] Gray also references Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), in support of his untimely filing, but those cases are inapposite to this factual situation. Gray alleges his original probation revocation counsel misinformed him about the likely sentence he would receive if he admitted the violation. That sort of mistake by counsel is a garden-variety ineffective assistance claim in the context of a guilty plea and has nothing to do with the two cited cases which deal with counsel's failure to convey a plea offer to defendant or failure to properly advise about the risk of proceeding to trial in light of a favorable plea offer. In the newly-minted Supreme Court cases defendants proceeded to trial and then received lengthier sentences than were offered in the context of plea negotiations. Gray's facts, as alleged by him, have nothing to do with plea negotiations.

case, he has not alleged facts that support a claim that his post-conviction attorney provided ineffective assistance of counsel.

One court of appeals decision has noted that Martinez was simply an "equitable ruling" that did not establish "a new rule of constitutional law" within the meaning of § 2244. Adams v. Thaler, 679 F.3d 312, 323 n. 6 (5th Cir. 2012). Thus, the assertion of retroactivity is dubious. More importantly, Martinez's recognition of an equitable excuse for procedural default does not provide a time-bar excuse in any event. See Hall v. Lamas, No. 12-cv-05163, 2013 WL 1187047, at *3 n. 7, 2013 U.S. Dist. Lexis 41554, at *15 n.7 (E.D. Pa. Feb. 7, 2013). It is also worth noting that the rule of Martinez, by its own terms, is limited to its facts, a claim of ineffective assistance by post-conviction counsel in initial-review collateral proceedings. It "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 132 S. Ct. at 1320. Gray's claim is not given new life by the Martinez decision.

Nor has Gray shown that his court-appointed, post-conviction counsel provided ineffective assistance of counsel. Gray's post-conviction petition was summarily dismissed by the state trial court because as a matter of law it was inappropriately filed under the post-conviction statute. See 15 M.R.S. § 2121(2). If counsel had obtained the transcript from the prior hearing or otherwise presented additional arguments, that outcome would not have been changed. Counsel could not have done any more to ensure that the court give additional consideration to the post-conviction petition. Furthermore, following the summary dismissal counsel wrote to Gray explaining that successful appeals in these situations are hen's tooth rare. (ECF No. 15-2.) Counsel's assessment regarding the likely success of an appeal was entirely

realistic in light of the statutory directive under 15 M.R.S. § 2121(2) and established state case law.

In the final analysis, Gray is left with a claim that equitable tolling and his "diligent pursuant" of post-conviction remedies should excuse the fact that the claim is clearly time-barred. (Reply at 1.) In Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), the United States Supreme Court held that the AEDPA limitations period may be equitably tolled in the context of a state court habeas petition under 28 U.S.C. § 2254 only if the petitioner shows that some extraordinary circumstance prevented timely filing and that he pursued his rights with reasonable diligence. Gray's factual allegations do not describe extraordinary circumstances. He describes the legal problems faced by nearly every state prisoner, lack of law library resources and reliance on the advice of jailhouse lawyers. Those circumstances are not "extraordinary" within the Holland v. Florida paradigm and there is no basis for equitable relief from the statute of limitations in this case.

## CONCLUSION

Based upon the foregoing, I now deny the motion to compel the production of transcripts. I further recommend that the court dismiss the petition with prejudice as time barred, denying Gray any relief. I further recommend that certificates of appealability should not issue in the event Gray files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 4, 2013                         /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

9